**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HRACH VOSKANYAN, d.b.a. Vosk International Co., | No. 13-36055 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01488-RSL |
| v. | |
| ZAO GRUPPA PREDPRIYATIJ OST, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted February 21, 2017[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Hrach Voskanyan, sole proprietor of Vosk International Co. ("Vosk"),

appeals pro se the district court's summary judgment in Vosk's action appealing

the U.S. Patent and Trademark Office Trademark Trial and Appeals Board's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("TTAB") denial of Vosk's applications to register three trademarks. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment because Vosk failed to raise a genuine dispute of material fact as to whether it had established priority of use of the relevant marks in connection with the involved goods. *See id.* at 930 (explaining how a party may establish "priority of use in commerce"). First, Vosk did not provide evidence that Zao Gruppa Predpriyatij Ost ("Zao") committed any violation invalidating Zao's 2001 priority date. *See CreAgri, Inc. v. USANA Health Sci., Inc.*, 474 F.3d 626, 630 (9th Cir. 2007) ("[O]nly *lawful* use in commerce can give rise to trademark priority."). Second, Vosk's contention that it acted as a buyer and subsequent owner, rather than a distributor, of the marks in 2004 and 2005 is irrelevant to Zao's 2001 priority date. Finally, Vosk did not provide evidence that Zao's assignment of rights to Aqua-Life was invalid.

We reject Vosk's contention that the district court erroneously deferred to the TTAB's findings because, regardless of which standard of review should have applied, Vosk's new evidence was not relevant to any disputed question of fact. *See Kappos v. Hyatt*, 132 S.Ct. 1690, 1701 (2012) (in an analogous scheme in patent law, "if new evidence is presented on a disputed question of fact, the district

2

court must make *de novo* factual findings"). Vosk's evidence showing that Zao may have violated FDA regulations starting in 2005 is irrelevant to the question of priority, as is its evidence purporting to show that Vosk was not Zao's distributor in 2004 and 2005, and Vosk provided no evidence that the trademark assignment to Aqua-Life was invalid.

**AFFIRMED.**